NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3285
_____

NICHOLAS DINIZO

v.

THE TOWNSHIP OF SCOTCH PLAINS;
THOMAS E. ATKONS

The Township of Scotch Plains,
              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-07-cv-05327
District Judge: The Honorable Peter G. Sheridan

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Filed:  April 1, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

1

Nicholas Dinizo is an employee of the Township of Scotch Plains, New Jersey. He sued the Township and his supervisor for employment discrimination. The complaint asserted four claims, including a claim for retaliation under New Jersey's Law Against Discrimination (LAD), N.J. Stat. Ann. § 10:5–1 *et seq.* The case proceeded to trial, where Dinizo prevailed on the retaliation claim but lost on the others. The jury awarded him $1,500 in damages. Pursuant to the LAD's fee-shifting provision, N.J. Stat. Ann. § 10:5–27.1, the District Court awarded Dinizo's counsel roughly $141,900 in attorney's fees. To arrive at this figure, the Court determined the lodestar amount for the entire case, *i.e.*, the number of hours counsel reasonably expended multiplied by a reasonable hourly rate. *See Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). It then reduced that figure by 55% to account for Dinizo's limited success.

The Township challenges the fee award as excessive. We review for an abuse of discretion. *Lanni*, 259 F.3d at 148; *Rendine v. Pantzer*, 661 A.2d 1202, 1217 (N.J. 1995). Under the LAD, a prevailing plaintiff "may be awarded a reasonable attorney's fee." N.J. Stat. Ann. § 10:5–27.1. "Reasonable" does not mean "proportionate": that Dinizo obtained a modest award of damages does not mean that the attorney's fee award must be commensurately modest. *Szczepanski v. Newcomb Med. Ctr., Inc.*, 661 A.2d 1232, 1243 (N.J. 1995); *accord Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1041–42 (3d Cir. 1996) (holding that "a court may not diminish counsel fees in a section 1983 action to maintain some ratio between the fees and the damages awarded"). A reasonable fee, instead, is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*,

2

130 S. Ct. 1662, 1672 (2010) (applying 42 U.S.C. § 1988); *accord New Jerseyans for Death Penalty Moratorium v. N.J. Dep't of Corr.*, 883 A.2d 329, 338 (N.J. 2005) (discussing the LAD's fee-shifting provision).

In determining a fee award, a court should begin with the lodestar amount, and then proceed to take into account other relevant factors, including the degree of overall success achieved. *Rendine*, 661 A.2d at 1226–27; *Szczepanski*, 661 A.2d at 1239. We have carefully reviewed the record, and, although the District Court's fee award may be at the high end of what is permissible, we cannot say that the Court abused its discretion in awarding Dinizo's counsel 45% of the lodestar amount. Accordingly, we will affirm.